COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Lemons and Senior Judge Cole
Argued at Richmond, Virginia


DAMON D. DAVIS
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2300-97-2    JUDGE DONALD W. LEMONS
                                       FEBRUARY 9, 1999
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF PETERSBURG
                       James F. D'Alton, Jr., Judge

            Mary Katherine Martin, Senior Assistant
            Public Defender (John H. Cobb, Jr., Public
            Defender, on brief), for appellant.

            Kathleen B. Martin, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


      Damon D. Davis appeals his conviction for attempted robbery

alleging that he was not prosecuted in a timely manner pursuant

to the speedy trial provisions of Code § 19.2-243.  We disagree

and affirm his conviction.

      On October 10, 1995, taxi driver John E. Jones was shot

during an attempted robbery in his cab.  On July 8, 1996, a

preliminary hearing was held in the General District Court of the

City of Petersburg, and the court found probable cause that

Damon D. Davis, appellant, committed felonies related to the

incident.  On July 18, 1996, the grand jury returned indictments

charging Davis with attempted robbery, use of a firearm while

committing robbery, malicious wounding, and conspiracy to commit

      [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010,
this opinion is not designated for publication.

robbery. A trial was set in the circuit court for September 10, 1996.

Both Davis and the Commonwealth agree that the nine-month provision of Code § 19.2-243 is applicable to this case, by which the Commonwealth is required to try the accused within 273 days of a finding of probable cause. Davis was tried for these offenses on September 17, 1997, 436 days after the probable cause hearing. Among other things, the provisions of the speedy trial act do not apply to periods where the defendant has absconded or to periods where the case is continued on motion of the defendant, upon joint motion, or upon motion of the Commonwealth without objection from the defendant. See Code § 19.2-243.

The first trial date was set for September 10, 1996, sixty-four days after the date of the probable cause hearing. This period constitutes the delay inherent in the orderly process of fixing a trial date and will be counted against the Commonwealth. From September 10 to December 19, 1996, Davis absconded from justice, was arrested, and upon apprehension, on his motion, new counsel was appointed to represent him. These eighty-nine days are not counted against the Commonwealth. From December 20, 1996 to September 17, 1997, multiple joint motions to continue were made, or motions were made by the Commonwealth, in which Davis either joined or the record does not show an objection. These 283 days are not counted against the Commonwealth.

Upon review of the record we hold that the only delay properly attributable to the Commonwealth is sixty-four days. The trial court correctly concluded that Davis was tried within the nine-month provision of Code § 19.2-243.  Because no violation of his right to a speedy trial occurred, we affirm his conviction.

<u>Affirmed.</u>